NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SONIA L. MEZQUITA VEGA,

Defendant-Appellant.

No. 23-1476

D.C. No.
2:20-cr-00120-RSM-6

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted July 9, 2024[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and BRESS, Circuit Judges.

Sonia L. Mezquita Vega appeals her 44-month sentence for her involvement

in a scheme to launder money obtained from the illicit sale of drugs. We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mezquita Vega raises a procedural objection to her sentence, arguing that the district court "failed to adequately explain the reasons for its sentencing decision" under 18 U.S.C. § 3553 because it did not "mention[] her sentence in comparison to the other defendants who had been sentenced prior to her." When a defendant does not object to a district court's sentencing explanation, as is the case here, this court reviews for plain error. *United States v. Perez*, 962 F.3d 420, 454 (9th Cir. 2020). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008) (internal quotation marks omitted).

Mezquita Vega cannot satisfy the first prong of plain error review, that the district court erred. She does not identify any authority holding that, when imposing a sentence, a district court judge must specifically articulate reasons for why a defendant's sentence is higher than the sentences of her co-defendants. At sentencing, the district court was required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Here, the district court explained that it was "mindful" that it had "already sentenced other individuals in this case" and that it "must take that into account in terms of fashioning a sentence that is proportionate to [Mezquita Vega's] involvement." The district court also explained that it had reviewed both parties' sentencing memorandums and the presentence investigation report, and that it "looked carefully at all the 3553(a)

factors." Considering the § 3553(a) factors, the district court found that Mezquita Vega committed a "serious offense" because "the only reason the drug business survives is because of the money that comes with it." It acknowledged that "Mezquita Vega and the other couriers involved in this case were not getting the sums of money that these spreadsheets reflect. They were getting a very small amount in return for their involvement." Finally, it credited Mezquita Vega for "walking away from all of this at a period of time when other people had not." The district court's explanation sufficiently "communicate[d] that the parties' arguments have been heard, and that a reasoned decision has been made," as required by § 3553. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Mezquita Vega also argues that, in calculating her guidelines range, "the district court did not make a reasonable estimate of the total of the laundered funds." We review a district court's factual determination of the amount of loss for clear error. *United States v. Walter-Eze*, 869 F.3d 891, 912 (9th Cir. 2017). Mezquita Vega presented no evidence at sentencing to rebut the government's evidence that she was directly or indirectly responsible for over $2.4 million in laundered funds. Given the lack of controverting evidence, the district court did not clearly err because it made a "reasonable estimate of the loss based on the available information" presented at sentencing. *See id.* (quoting *United States v.*

*Zolp*, 479 F.3d 715, 719 (9th Cir. 2007)).

**AFFIRM.**